IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FREDDIE L. BREWER, 07034210,<br>                 Petitioner,<br><br>v.<br><br>SHERIFF LUPE VALDEZ,<br>                 Respondent. | No. 3:08-CV-1505-L<br>ECF |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

<u>FINDINGS AND CONCLUSIONS:</u>

<u>Type of Case</u>: This is a *pro se* petition for habeas corpus relief brought by a pre-trial detainee.

<u>Parties</u>: Petitioner is incarcerated at the Dallas County Jail. Respondent is Dallas County Sheriff Lupe Valdez. The Court did not issue process in this case pending preliminary screening. On September 8, 2008, the Court issued a questionnaire to Petitioner, who filed his answers on September 11, 2008.

<u>Statement of Case</u>: Petitioner argues he was unlawfully arrested and charged with intent to deliver a controlled substance in cause number F0752145 presently pending in the 203rd District Court, Dallas County, Texas. Although it is unclear, Petitioner may also be arguing that the state has violated his right to a speedy trial.

Prior to filing this federal action, Petitioner filed two *pro se* state habeas petitions seeking relief. He also filed a motion to suppress evidence and a motion to dismiss the indictment. He

states the trial court has refused to rule on any of these motions.

Findings and Conclusions: Pre-trial petitions for writ of habeas corpus are cognizable under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). Therefore, the petition is properly brought pursuant to 28 U.S.C. § 2241(c).[1]

Plaintiff seeks dismissal of the charges against him. Pre-trial habeas relief, however, is available only to enforce a state's obligation to bring a defendant promptly to trial, not to adjudicate the merits of a state criminal proceeding and bar the state from proceeding to trial. *Dickerson*, 816 F.2d at 226; *see also, Braden*, 410 U.S. at 493 (finding federal habeas relief is not available to petitioners who "seek the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."). Accordingly, Petitioner's claims should be dismissed.

Additionally, to the extent Petitioner alleges he has been denied a speedy trial, he has failed to exhaust his state remedies. In order to be eligible for pre-trial habeas relief pursuant to 28 U.S.C. § 2241, a petitioner must have exhausted his available state remedies. *Braden*, 410 U.S. at 488-89; *Dickerson*, 816 F.2d at 224.[2]

---

[1] Section 2241(c) provides in relevant part that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . (3) [h]e is in custody in violation of the constitution or laws or treaties of the United States."

[2] It is only in the post-trial setting that exhaustion is mandated by statute. *Compare* 28 U.S.C. § 2254(b) with 28 U.S.C. § 2241(c)(3). Despite the absence of an exhaustion requirement in § 2241(c)(3), a body of case law has developed holding that federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits

The record reveals, however, that Petitioner has not fully exhausted his available state remedies on his speedy trial claim.[3] The proper procedure for seeking pre-trial relief on speedy trial grounds is to file a petition for writ of mandamus in the Texas Court of Criminal Appeals. *See Chapman v. Evans*, 744 S.W.2d 133, 135-138 (Tex. Crim. App. 1988) (conditionally granting mandamus petition seeking to compel district court to set for trial or dismiss pending indictment for offense unrelated to that for which petitioner was presently incarcerated); *Thomas v. Stevenson*, 561 S.W.2d 845, 846-47 (Tex. Crim. App. 1978) (conditionally granting mandamus petition seeking to compel district court to set case for trial).[4]

While Petitioner states he has filed two habeas petitions with the state trial court, he has not pursued a petition for writ of mandamus in the Court of Criminal Appeals. (Answer to Question 1). *See Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976) (requiring exhaustion by petition for writ of mandamus, but applying law in effect prior to 1977 amendment to Article V, Section 5 of the Texas Constitution).

---

in the state court or by other state procedures available to the petitioner. *See Dickerson*, 816 F.2d at 225. *See also Braden*, 410 U.S. at 489-92; *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). This exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process. *See Dickerson*, 816 F.3d at 225; *Braden*, 410 U.S. at 490-91.

[3] The right to a speedy trial is guaranteed by the Sixth Amendment as applied to the states by the Fourteenth Amendment. *Smith v. Hooey*, 393 U.S. 374, 374-75 (1969) (reversing denial of mandamus relief and holding that State of Texas had a constitutional duty, upon request of federal prisoner that he be brought to trial on state charge, to make a diligent, good-faith effort to bring him before state court for trial). *See also Klopfer v. North Carolina*, 386 U.S. 213, 222-223 (1967).

[4] Prior to the 1977 amendment of Article V, Section 5 of the Texas Constitution, the Supreme Court of Texas exclusively issued writs of mandamus to compel speedy trials. *See Thomas*, 561 S.W.2d 845, 846 (Tex. Crim. App. 1978) (cited cases omitted). Effective January 1, 1978, the Texas Court of Criminal Appeals acquired the additional jurisdiction to issue writs of mandamus in cases "regarding criminal matters." *Id.*; *see also Hill v. Pirtle*, 887 S.W.2d 921, 926 (Tex. Crim. App. 1994); *Lanford v. Fourteenth Court of Appeals*, 847 S.W.2d 581, 584-585 (Tex. Crim. App. 1993).

Texas has adequate and effective state procedures for obtaining a speedy trial and in the absence of proof that the highest state court with criminal law jurisdiction has been given a fair opportunity to consider petitioner's speedy trial claim, the due administration of justice would be better served by insisting on exhaustion of his state court remedies. As such Petitioner's speedy trial claim should be dismissed for failure to exhaust state remedies.

RECOMMENDATION

For the foregoing reasons, the Court recommends that: (1) Petitioner's speedy trial claim be dismissed without prejudice for failure to exhaust state court remedies; and (2) Petitioner's remaining claims be dismissed with prejudice.

Signed this 3rd day of November, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.